UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DHANANJAY SINGH (A-241-273-343),<br>Petitioner,<br>v.<br>WARDEN, et al.,<br>Respondents. | No. 1:26-cv-3560 WBS CSK<br><br>FINDINGS AND RECOMMENDATIONS |

On May 8, 2026, petitioner Dhananjay Singh (A-241-273-343), an immigration detainee proceeding through counsel, filed a second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a second motion for a temporary restraining order. (Dhananjay Singh v. Warden, et al., No. 1:26-cv-3560 WBS CSK (ECF No. 1) ("Dhananjay Singh II"); ECF No. 3.) His first habeas petition was filed in Dhananjay Singh v. Warden, et al., No. 1:26-cv-00244 WBS-CSK (E.D. Cal.) ("Dhananjay Singh I"), which was related by order dated May 22, 2026. (ECF No. 14.) On June 21, 2026, petitioner filed a request that the Dhananjay Singh I Findings and Recommendations be adopted. (ECF No. 15.) Respondents opposed this request and moved to dismiss the instant action, Dhananjay Singh II, as duplicative. (ECF No. 16.) Petitioner did not file an opposition or otherwise respond to respondents' motion to dismiss Dhananjay Singh II as duplicative of Dhananjay Singh I. (See Docket.) Briefing is complete.

On July 16, 2026, the district judge issued an order in Dhananjay Singh I that granted the

habeas petition and ordered petitioner released. (Dhananjay Singh I, ECF No. 17.)

For the following reasons, this Court recommends that this action be dismissed as moot. In both habeas petitions, petitioner seeks release from detention and petitioner was ordered released in Dhananjay Singh I. Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477). Because petitioner was ordered released in Dhananjay Singh I, the relief requested in Dhananjay Singh II has already been granted, and petitioner is presumably no longer in ICE custody, the Court finds that the Dhananjay Singh II petition is moot. See Abdala v. I.N.S., 488 F.3d 1061, 1064-65 (9th Cir. 2007) (holding that because Abdala's "habeas claims challenged only the length of his detention, as distinguished from the lawfulness of the deportation order . . . [h]is petition was . . . moot by his removal"); Rodriguez v. Bostock, 802 F. Supp. 3d 1297, 1311 (W.D. Wash. 2025) ("Rodriguez's individual claims are moot because he voluntarily departed the country and is no longer in DHS custody."); Hurtado Guillermo v. Warden/Facility Adm'r, 2026 WL 1155991, *1 (W.D. Wash. 2026) (petition challenging only the legality and constitutionality of Hurtado Guillermo's continued detention and seeking his immediate release from custody was moot because he "voluntarily departed the United States [and] his request for release no longer presents a 'live controversy[.]'" (citations omitted)). The Court further notes that petitioner did not oppose the government's motion to dismiss Dhananjay Singh II. (See Docket.)

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 16) be granted.
2. This action be dismissed as moot.
3. The Clerk of the Court be directed to terminate all pending motions, including Petitioner's motion for a temporary restraining order (ECF No. 3), and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 17, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/sing.3560.26.frs